IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

DEVON ROBINSON                              *
                                            *
        Plaintiff,                          *
                                            *
    v.                                      *Civil Action No.: 8:11-cv-02569-DKC
                                            *
DARCARS OF NEW CARROLLTON, INC.             *
d/b/a DARCARS CHRSYLER, JEEP, DODGE         *
OF NEW CARROLLTON, et al.                   *
                                            *
        Defendants.                         *
            *       *       *       *       *       *       *

## REPLY TO OPPOSITION TO
## PARTIAL MOTION TO DISMISS THE
## SECOND AMENDED COMPLAINT

Defendants DARCARS of New Carrollton, Inc. d/b/a DARCARS Chrysler, Jeep, Dodge of New Carrollton ("DARCARS"), Ali Zarrabi ("Zarrabi"), and Henry Scroggin ("Scroggin")(collectively the "Defendants") by and through their attorneys, John P. Lynch, Charles H. Henderson and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., hereby submit this Reply to Opposition to Partial Motion to Dismiss the Second Amended Complaint and in support thereof state the following:

PROCEDURAL BACKGROUND

On September 26, 2011, Plaintiff, Devon Robinson ("Robinson") filed a Second Amended Complaint in the above captioned case.

In the Second Amended Complaint, Robinson asserts the following claims: Count I (Intentional Infliction of Emotional Distress) against all of Defendants; Count II (Violation of 42 USC 1981: Hostile Work Environment) against all of the Defendants; Count III (Violation of 42 USC 1981: Disparate Treatment) against DARCARS and Zarrabi; Count IV (Violation of Title

VII: Hostile Work Environment) against all of the Defendants; Count V (Violation of Title VII: Disparate Treatment) against DARCARS and Zarrabi; Count VI (Violation of Prince George's County Code Division 12, Subdivision 7) against DARCARS and Zarrabi; Count VII (Vicarious Liability) against DARCARS; Count VIII (Negligence) against DARCARS and Zarrabi; and Count IX (Breach of Contract) against DARCARS.

On October 11, 2011, the Defendants filed a Partial Motion to Dismiss the Second Amended Complaint and Request for a Hearing seeking to dismiss Count I of the Second Amended Complaint against all of the Defendants, Count IV of the Second Amended Complaint against Zarrabi and Scroggin, Count V of the Second Amended Complaint against Zarabbi, and Count VIII of the Second Amended Complaint.

On October 28, 2011, Robinson filed an Opposition to Partial Motion to Dismiss the Second Amended Complaint and Request for Hearing (the "Opposition to Partial Motion to Dismiss"). In that opposition, Robinson only contests the dismissal of Counts I and VIII of the Second Amended Complaint. Robinson consents to the dismissal of Count IV of the Second Amended Complaint against Zarrabi and Scroggin and Count V of the Second Amended Complaint against Zarrabi.

## ARGUMENT

I.   Count I of the Second Amended Complaint fails to plead a claim for intentional infliction of emotional distress upon which relief can be granted.

In the Opposition to Partial Motion to Dismiss, Robinson falsely asserts that he has sufficiently pleaded a claim for intentional infliction of emotional distress. In fact, the Second Amended Complaint fails to allege the necessary facts to satisfy multiple elements for a claim for intentional infliction of emotional distress. Therefore, that Count I of the Second Amended Complaint should be dismissed.

"Maryland Courts have cautioned that the tort of intentional infliction of emotional distress should be imposed sparingly, and 'its balm reserved for those wounds that are truly severe and incapable of healing themselves." <u>Figueiredo-Torres v. Nickel</u>, 321 Md. 642, 653, 584 A.2d 69, 75 (1991).  Under Maryland law, "mere insults, indignities, threats,  annoyances, petty oppressions, or other trivialities'" are not sufficient to sustain a claim for intentional infliction of emotional distress.  <u>Id</u>. at p. 655.

In order to establish a prima facie case for intentional infliction of emotional distress, a plaintiff must allege and prove facts showing that: (1) the conduct in question was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the conduct and the emotional distress; and (4) the emotional distress was severe.  <u>Arbabi v. Fred Myers, Inc.</u>, et al., 205 F.Supp. 2d 462, 465, 466 (D. Md. 2002)(In which this Court dismissed the plaintiff's claim for intentional infliction of emotional distress even though the Plaintiff alleged that she endured derogatory and harassing comments regarding her sex, race, and national origin over a period of five years).

In the Opposition to Partial Motion to Dismiss, Robinson claims that his case is distinguishable from the <u>Arbabi</u> case because he has cited two specific instances where he allegedly suffered insults and offensive language.  However, those two claims of insulting language do not come close to demonstrating a claim for intentional infliction of emotional distress.  In contrast to the <u>Arbabi</u> case, Robinson was only employed with DARCARS for a brief period of time and has alleged that he suffered harassing comments over a period of months not years as was allegedly endured by the employee in <u>Arbabi</u>.  In addition, Robinson can only cite to two occasions when he suffered purported insults and indignities.  Such allegations, even if proven true, do not demonstrate a claim of intentional infliction of emotional distress upon

which relief may be granted.  Therefore, Count I of the Second Amended Complaint should be dismissed as a matter of law.

In addition, Robinson has failed to allege sufficient facts to demonstrate that the alleged emotional distress that he suffered as a result of the Defendants' actions was of a severe nature.

In order to sustain a claim for intentional infliction of emotional distress, a plaintiff must plead facts demonstrating that the emotional distress suffered was so severe that it disrupted daily functioning and was beyond what a "reasonable man could be expected to endure." Takacs v. Fiore, 473 F.Supp.2d 647, 652 (D.Md. 2007)(In which the Court dismissed the employee's claim of intentional infliction of emotional distress because the allegation of "debilitating conditions, including 'severe depression, anxiety, sleeplessness, headaches, and [being] sick to her stomach" were not sufficient because she did not allege an inability to function on a daily basis.)

In the Second Amended Complaint, and in the Opposition to Partial Motion Dismiss, Robinson claims that he suffered from depression, anxiety and loss of motivation.  Robinson has not alleged that the emotional distress that he suffered disrupted his daily functioning and he has not alleged facts demonstrating suffering beyond what a reasonable mane could be expected to endure.  Therefore, Count I of the Second Amended Complaint for intentional infliction of emotional distress must be dismissed.

II.   <u>Count VIII of the Second Amended Complaint for negligence is statutorily preempted by federal and state law.</u>

In the Opposition to Partial Motion to Dismiss, Robinson asserts that his claim for negligence in Count VIII of the Second Amended Complaint is based on independent claims of assault and battery and intentional infliction of emotion distress and, as such, is not preempted by statutory law.  This claim is without merit as, for the reasons stated above, Robinson has not

alleged a claim for intentional infliction of emotion distress upon which relief may be granted. Further, Robinson has not demonstrated in any manner that his claim for negligence is based upon independent claims of assault and battery.

To support his position, Robinson cites the case of <u>Ruffin Hotel Corporation of Maryland Inc. v. Kathleen Gasper</u>, 418 Md. 594 (2011), in which the Court held that the employee's claims of negligent hiring and retention were not preempted by federal and state law because her claim of negligence was based upon an underlying claim of assault and battery.   However, that case is clearly distinguishable from Robinson's allegations in this action.   In the <u>Ruffin</u> case, the employee alleged that she suffered extreme sexual harassment and unwelcome sexual touching constituting assault by a supervisor.   In that case, the facts alleged demonstrated that the sexual assault was a clear basis for her claims of negligent hiring and retention.   In contrast to the <u>Ruffin</u> case, Robinson has not plead claims for negligent hiring or retention[1] but instead has plead a case of simple negligence, and his claim of negligence is based upon the alleged racially hostile environment he  endured and not any alleged assault or battery.

Ruffin maintains that his claim of negligence is not based upon the alleged harassment and discrimination that he endured but because he alleged that a person who is not a party to this lawsuit pulled his hair.   This claim is contrary to the facts alleged in the Second Amended Complaint.   As stated in paragraphs 70 through 72 of the Second Amended Complaint; Robinson's claim of negligence against the Defendants is based upon the allegation that he was "subjected to a racially hostile environment".   At no point does he allege that his claim of negligence is based upon a purported pulling of his hair or a purported assault or battery.

Contrary to Robinson's assertions, the facts alleged in the Second Amendment Complaint

---

[1] Even though he has not asserted a claim for negligent hiring or retention, the facts alleged by Robinson could not sustain such a claim as he has not satisfied the elements for negligent hiring or retention under Maryland law.  See <u>Williams v. Cloverleaf Farms Dairy, Inc.</u>, 78 F.Supp.2d 479, 484 (D.Md. 1999).

are not analogous to the Ruffin case but are, instead, similar to those in the recent case of <u>Bishop</u> <u>v. Board of Education of Calvert County</u>, 2011 U.S. Dist. Lexis 71794 (D. Md. 2011)[2].  In which, this Honorable Court held that the plaintiff could not sustain his negligence claims against the defendant because those claims were founded upon racial discrimination, "which is statutorily proscribed by" Title VII of the Civil Rights Act and Title 20 of the State Government Article of the Annotated Code of Maryland.  As in the <u>Bishop</u> case, Robinson's claim for negligence, as alleged in the Second Amended Complaint, is expressly based upon his claims of racial discrimination and harassment which are preempted and statutorily proscribed by Title VII of the Civil Rights Act and Title 20 of the State Government Article of the Annotated Code of Maryland.

Therefore, Robinson has not alleged a claim for negligence upon which relief can be granted and Count VIII of the Second Amended Complaint should be dismissed as a matter of law.

WHEREFORE, the Defendants respectfully requests that this Honorable Court:

A.    Grant the Defendants' Partial Motion to Dismiss the Second Amended Complaint;

B.     Dismiss Count I of the Second Amended Complaint with prejudice;

C.    Dismiss Counts IV and V of the Second Amended Complaint as to Scroggin and Zarrabi with prejudice;

D.    Dismiss Count VIII of the Second Amended Complaint with prejudice; and

E.    Grant the Defendants such other and further relief as is deemed appropriate.

<u>CITATIONS AND AUTHORITIES</u>

Fed. R. Civ. P. 12(b)(6)

<u>Arbabi v. Fred Myers, Inc.</u>, et al., 205 F.Supp. 2d 462, 465, 466 (D. Md. 2002)

---

[2] A copy of that decision was attached the Defendant's Partial Motion to Dismiss as Exhibit 1.

Bishop v. Board of Education of Calvert County, 2011 U.S. Dist. Lexis 71794 (D. Md. 2011)
Figueiredo-Torres v. Nickel, 321 Md. 642, 653, 584 A.2d 69, 75 (1991)
Lissua v. Southern Food Service, Inc., et al., 159 F.3d 177, 181 (4th Cir. 1998)
Ruffin Hotel Corporation of Maryland Inc. v. Kathleen Gasper, 418 Md. 594 (2011)
Takacs v. Fiore, 473 F.Supp.2d 647, 652 (D.Md. 2007)
United States v. Azrael, et al., 774 F.Supp. 376, 378 (D. Md. 1991)
Williams v. Cloverleaf Farms Dairy, Inc., 78 F.Supp.2d 479, 484 (D.Md. 1999).

McNAMEE, HOSEA, JERNIGAN,
KIM, GREENAN & LYNCH, P.A.

By: _____/s/_____

John P. Lynch (Bar No. 7433)

_____/s/_____

Charles H. Henderson (Bar No.: 16139)
6411 Ivy Lane, Suite 200
Greenbelt, MD  20770
(301) 441-2420
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November 2011, a copy of the foregoing

*Reply to Opposition to Partial Motion to Dismiss the Second Amended Complaint* was to be

served electronically through the Court's electronic filing and notification system on:

Timothy E. Howie, Esquire
Hartel, Kane, DeSantis & Howie, LLP
Calverton Office Park
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
Attorney for Plaintiff

By:_____/s/_____

Charles H. Henderson